IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| PAULINE EVALYN COLE, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 230186R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appeals Defendant's Notice of Deficiency dated October 19, 2022, for the 2019 tax year, challenging adjustments to her gross income and business vehicle mileage deduction. Additionally, Plaintiff argues she is entitled to a deduction for charitable miles.

Trial was held at the Oregon Tax Court on September 12, 2023. Plaintiff appeared and testified on her own behalf. Tania Marcelino, auditor for the Department of Revenue, appeared and testified on behalf of Defendant. Plaintiff's Exhibits 1 to 3 and Defendant's Exhibits A to R were received into evidence without objection.

## I. STATEMENT OF FACTS

Plaintiff transitioned mid-career from being a teacher and school administrator to obtaining a master's degree in health services administration. After a few years in the health industry, she built up her client base and eventually became CEO of her own company, AMS LLC, where she worked for 15 years. In 2017, Plaintiff ceased work due to a major car accident. In 2018, she was able work only limited hours as an employee for Keiper Spine. Plaintiff testified that she received a 2018 bonus of $6,467.67 from Keiper Spine, which she recorded in her accounting program as "2018 4TH SSC QTR," but did not deposit the check into her bank account until January 22, 2019. (Ex 3A.) Marcelino provided Plaintiff with a list of

"unidentified deposits" for clarification. For the January 2019 deposit of $6,467.67, Plaintiff indicated it was income from Keiper Spine to AMS. Plaintiff was issued a form W-2 wage statement from Keiper Spine, showing $15,538 in employee wages for the 2019 tax year. (Ex D.)

Plaintiff testified that during 2019 she performed services as an independent contractor for Dr. Keiper and traveled round-trip from her home in Mill City to his office in Eugene (a 181-mile round trip) 50 times, totaling 9,000 miles. (Ex 2A.) In support of her mileage claim, Plaintiff provided a letter from Dr. Keiper, stating she was engaged on a "contracted basis" at his office and that MapQuest reflects a round-trip distance of 181-miles. (*Id.*) Plaintiff included a Google Maps printout showing a one-way distance of 77.1 miles or 154.2 miles round trip. (*Id.*) During the audit, Plaintiff created a calendar documenting her travel to Keiper Spine. (*Id.*) She also presented a handwritten log indicating that she traveled to Keiper Spine, as an employee, 63 times between January and March 2019, with each trip covering 150 miles, totaling of 9,450 miles, plus 48 trips as an independent contractor, covering 150 miles per trip, totaling 7,200 miles. (Ex E at 1.) Plaintiff provided a monthly calendar, prepared during the audit, with some but not all of the trips listed on her handwritten mileage log. (*Id.*) During the audit, Plaintiff sent an email to Defendant in response to Marcelino's request for more information explaining that her high mileage deduction was due to travel to Bend, Oregon, for litigation with a client. (Ex H.)

In 2019, Plaintiff volunteered at Northgate Wesleyan Church as a pianist, an audio-visual assistant, and as a board member. She provided a letter from the church's senior pastor and a printout of worship agendas listing her services. (Ex 2B.) Plaintiff also included a Google Maps printout showing a 33.5-mile distance from her home to the church and another printout

showing a 90.8-mile round trip to Lincoln City for a church board retreat in February 2019.  She

provided a mileage log documenting 2,516 miles for worship team duties and 862 miles for

monthly board meetings.  (*Id*.)

## II. ANALYSIS

To address the questions of this case, the court applies federal tax provisions because

Oregon defines taxable income by reference to the federal tax code, with modifications not

relevant here.  *See* ORS 316.022(6); *see also* ORS 316.048.[1]  Because Plaintiff seeks affirmative

relief, she bears the burden of proof by a preponderance of the evidence, which means "the

greater weight of evidence, the more convincing evidence."  ORS 305.427; *Feves v. Dept. of

Rev.*, 4 OTR 302, 312 (1971).  The court will address the business milage deductions and

charitable mileage deduction arguments before turning to the bank deposit analysis issue.

A.      *Business Mileage Deduction*

Plaintiff claimed a deduction of $4,176 for business mileage in 2019.  Defendant denied

this deduction for lack of substantiation.  Under Internal Revenue Code (IRC) section 162(a),

ordinary and necessary business expenses are generally deductible.  Travel expenses, including

expenses for vehicle use, require stricter substantiation under IRC section 274(d),[2] which

mandates adequate records or sufficient corroborative evidence for the amount, time, place, and

business purpose of travel.  Although contemporaneous records are not required, records made

near the time of the expenditure are given a high degree of credibility. Treas Reg § 1.274-

5T(c)(2)(i).  To meet the "adequate records" standard, a taxpayer is responsible for maintaining

---

[1] References to the Oregon Revised Statutes (ORS) are to the 2017 edition.

[2] Generally, the court is permitted to make a reasonable estimation of a deduction for business expense
where a taxpayer is unable to substantiate the precise amount.  *See Cohan v. Comm'r*, 39 F2d 540, 543-44 (2d Cir
1930).  However, IRC section 274(d) supersedes the *Cohan* rule.  *See* Treas Reg § 1.274–5T(a)(4).

"an account book, diary, log, statement of expense, trip sheets, or similar record, * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure or use * * *." (*Id.*) If a taxpayer cannot satisfy the adequate records standard, they "may substantiate the elements by other 'sufficient evidence'—generally a combination of the taxpayer's detailed statement and other corroborative evidence for each element." *Okon v. Dept. of Rev.*, TC-MD 220022G, WL 2495607 at *2 (Or Tax M Div, Mar 14, 2023) (citing Treas Reg § 1.274-5T(c)(3)(i)).

Plaintiff did not maintain contemporaneous travel logs and the records she presented during the audit and at trial were inconsistent. Her mileage claimed did not align with her handwritten log, Google Maps data, her hand-written calendar, or her email to the Department indicating significant travel to Bend, Oregon. While the court believes Plaintiff's testimony that she traveled a significant number of miles for work, her evidence did not meet the adequate records standard. The evidentiary standard does not allow the court to estimate miles; therefore, the court sustains Defendant's denial of her business travel mileage deduction.

B.     *Charitable Mileage Deduction*

The deduction for charitable mileage requires the same level of substantiation as business miles. While Plaintiff did not maintain a mileage log for her charitable work at the church, she presented weekly church programs documenting her services as a pianist or audio-visual assistant, totaling 2,516 miles. Plaintiff did not provide similar documentation for other church-related travel.

Defendant did not audit this item, and neither party presented the relevant tax return pages to confirm whether Plaintiff had already taken the deduction. Defendant submitted Plaintiff's tax return attachment showing $21,400 in deductible gifts to charity. The evidence

was unclear as to whether Plaintiff's travel miles were already included in that figure. Therefore, the court must deny the deduction for chartable miles due to insufficient evidence.

C.    *Bank Deposit Analysis*

Defendant may use methods such as a bank deposit analysis to examine potential unreported income. *Danielson v. Dept. of Rev.*, TC-MD 160282C, WL 5158730 at *3 (Or Tax M Div Nov 7, 2017) (quoting *Brenner v. Dept. of Rev.*, 9 OTR 299, 306 (1983)) (internal citations omitted). Defendant conducted such an analysis and gave Plaintiff the opportunity to explain unidentified deposits. The only disputed deposit was $6,467.67 on January 22, 2019, which Plaintiff asserts is a bonus from Keiper Spine dated December 31, 2018, that was included in her 2018 tax return. However, Plaintiff did not provide corroborative evidence, such as a copy of the check or proof that the amount was included in her 2018 return. Consequently, the court finds that Plaintiff did not meet her burden of proof.

## III.  CONCLUSION

After careful consideration, the court finds that Plaintiff has not provided adequate contemporaneous documentary evidence to substantiate her business mileage deduction. While she substantiated some of her charitable miles, she did not demonstrate that she had not already taken a deduction for them. Finally, Plaintiff has not met her burden of proof that the January 2019 deposit was included in her 2018 tax return. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal be denied.

RICHARD DAVIS
MAGISTRATE

/ / /

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on November 13, 2024.*